

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Cecil H. Tate
County Attorney
Bailey County
Muleshoe, Texas

Dear Sir:

Opinion No. O-3967
Re: Is it the duty of the County
Attorney to prepare the peti-
tion, publications, notices,
orders and judgment in an
election to consolidate inde-
pendent school districts
without receiving compensation
for such services from the
interested school districts?

Your letter of September 12, 1941, requesting an opinion of this department on the above stated question reads as follows:

"I will appreciate it very much if you will give me an opinion on the following question.

"Is it the duty of the County Attorney, to prepare petition, notices, publications, orders and judgment, in an election to consoli- date Independent School Districts, without re- ceiving compensation for said services, from the School Districts interested?

"ARTICLE 334-Shall advise officers. The District and County Attorneys, upon request, shall give an opinion or advice in writing to any County or precinct officer of their Dis- trict or County, touching their official duties."

In the case of Brady v. Brooks, 89 S. W. 1052, the Supreme Court stated that:

Honorable Cecil H. Tate, Page 2

"The principal purpose of the Constitution in creating the offices of district attorney and county attorney was to make as the main function of these officers the prosecution of criminal cases."

However, the Legislature has from time to time conferred additional duties upon these officers, but no authority is found in the statutes that makes it the duty of the County Attorney to perform the above mentioned services. It is well settled in this State that County and District Attorneys are required to perform only those duties which are imposed upon them by law.

This department held in opinion No. O-2397 that:

"The trustees of a common school district may employ an attorney to represent the district in a controversy arising out of action taken by a municipality constituting an independent school district pursuant to Article 2804, Revised Civil Statutes, 1925. Such attorney may be paid out of the special maintenance fund in the management and control of the trustees."

It is stated in Texas Jurisprudence, Vol. 37, p. 945:

"Even in the absence of power expressly conferred, trustees may employ an attorney to institute and prosecute actions in their behalf as a necessary incident of their power to contract, to sue and to manage and to control the school affairs and interests. Likewise, they may pay such an attorney a reasonable compensation out of the special maintenance fund in the management and control of the trustees. And it is held that the Board of Education of the city, which has assumed control of its schools as an independent district, may employ an attorney either to prosecute or defend litigation, involving the integrity of any rule or regulation deemed by them necessary for the maintenance of an efficient system of schools for the city.

Honorable Cecil H. Tate, Page 3

"But trustees have no power, either expressed or implied, to employ counsel and expend public funds of the district in an attempt to secure or defeat legislation; indeed, such contracts are ordinarily contrary to public policy and are void."

It is true that Article 334, supra, provides that District and County Attorneys shall advise and give opinions to the various county and precinct officers touching their official duties. However, we do not think that this article can be construed as imposing upon a District or County Attorney the duty to render the above mentioned services.

It is the opinion of this department that there is no duty imposed upon the County Attorney by law to perform the above mentioned services in connection with an election to consolidate independent school districts and that said district or districts may legally contract with the County Attorney to perform such services and pay him a reasonable compensation therefor out of the special maintenance fund in the management and control of the trustees.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW:GO

APPROVED SEP 23, 1941

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY BLOTE
CHAIRMAN